NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAMBRIDGE MOBILE TELMATICS, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>SFARA, INC.,<br><br>  Defendant.<br><br>SFARA, INC.,<br><br>  Counterclaim-Plaintiff,<br><br>  v.<br><br>CAMBRIDGE MOBILE TELMATICS, INC.,<br><br>  Counterclaim-Defendant. | Civil Action No. 23-1368 (RK) (RLS)<br><br>**<u>MEMORANDUM ORDER</u>** |

**THIS MATTER** comes before the Court upon Defendant and Counterclaim-Plaintiff Sfara, Inc.'s ("Sfara") Motion for Sanctions (the "Motion") pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") sanctioning Plaintiff and Counterclaim-Defendant Cambridge Mobile Telematics, Inc. ("CMT"). (ECF No. 144.) CMT filed an opposition brief, (ECF No. 150), and Sfara replied, (ECF No. 157). CMT also requested leave to file a sur-reply. (ECF No. 158.) The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, and for good cause shown,

**IT IS** on the 22nd day of October, 2024, **ORDERED** as follows:

1. The Motion is **DENIED**. Sfara's Motion attacks the legal and factual bases underlying this suit—to the point of asking the Court to dismiss Plaintiff's claims as unmeritorious. (*See, e.g.*, ECF No. 145 at 11; ECF No. 157 at 1, 9, 15.) However, "[a] Rule 11 motion is seldom the proper crucible for adjudicating underlying claims that have not been subjected to dispositive motion practice or trial."[1] *Oswell v. Morgan Stanley Dean Witter & Co.*, 507 F. Supp. 2d 484, 489 n.3 (D.N.J. 2007); *see StrikeForce Techs., Inc. v. WhiteSky, Inc.*, No. 13-1895, 2013 WL 5574643, at *4 (D.N.J. Oct. 9, 2013) ("Rule 11 sanctions, the Third Circuit has stressed, should be imposed to penalize irresponsible lawyering, not to address the strength or merits of a claim"); *Marlowe Pat. Holdings v. Ford Motor Co.*, No. 11-7044, 2013 WL 6383122, at *5 (D.N.J. Dec. 5, 2013) ("Defendants' argument is that Rule 11 sanctions are appropriate because Plaintiff's infringement claims fail on the merits . . . the Court finds the present motion to be a transparent effort to secure summary judgment . . . As such, it is premature at this time."). Discovery remains ongoing in this matter, (*see* ECF No. 150 at 18), and neither party has yet moved for summary judgment. Sfara may renew its Motion—if appropriate—simultaneously with any dispositive motions after the close of discovery.[2]

---

[1] More specifically, Sfara argues in the Motion that "CMT's case is devoid of merit under any cognizable legal theory" because at bottom, Sfara's products predate CMT's patents. (ECF No. 144 at 11; *see* ECF No. 157 at 3.) CMT argues that the parties in part dispute "whether any of Sfara's products are prior art" and "whether the versions of Sfara's products that it alleges predate CMT's [p]atents differ from the accused versions of Sfara's products that post-date CMT's [p]atent." (ECF No. 150 at 17–18.)

[2] While CMT asks the Court to order "Sfara to pay CMT's costs and attorneys' fees incurred in defending against" the Motion, (ECF No. 150 at 24), "the Court sees no basis for awarding costs or fees to either side." *Tiger Supplies Inc. v. MAC Associates LLC*, No. 20-15566, 2022 WL 195858, at *2 (D.N.J. Jan. 21, 2022) (declining to award costs and fees in context of premature Rule 11 motion).

2. CMT's request for leave to file a sur-reply is also **DENIED** as moot.

3. The Clerk of Court is directed to **TERMINATE** the Motion pending at ECF No. 144.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**